[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Eyelets for Industry, Inc. (Eyelets), moves to strike the seventh, eight and ninth counts of the complaint of the plaintiff, Rodney Michele, by motion dated April 21, 1999. The ground for Eyelets' motion is the plaintiff did not comply with the notice and certification requirements of the Family and Medical Leave Act (FMLA), as codified in 29 U.S.C. § 1161 et seq.
Michele filed a six-count complaint against Eyelets on December 16, 1997 and an amended complaint on September 1, 1998. The amended complaint adds the seventh, eighth and ninth counts to the original complaint; all three of these counts are based on violations of the FMLA.[1]
CT Page 11836
Michele alleges that Eyelets employed him from September 15, 1993, to October 18, 1996, as a data processor. (Amended Complaint, Count One, ¶ 1.) He alleges that he was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) in April of 1996 and that he informed Eyelets of this diagnosis shortly thereafter. (Am. Compl., Count Seven, ¶ 4.) Michele had meetings in September, 1996, with Eyelets concerning Michele's request for workplace accommodations. (Am. Compl., Count Seven, ¶ 8-10). Eyelets denied most of Michele's requested accommodations. (Am. Compl., Count Seven,6¶ 9.) Beginning at some point after these meetings, Michele failed to report for work.
Michele submitted a letter from a physician that "indicated that [Michele] was unable to work at this time" on September 27, 1998. (Am. Compl., Count Seven, ¶ 14.) On October 8, 1996, he "indicated to Eyelets' representative that the stressful environment [of the workplace] had exacerbated his ADHD symptoms." (Am. Compl., Count Seven, ¶¶ 4, 14.) On October 18, 1996, Eyelets stated to Michele "in absence of adequate medical certification, [Michele's] failure to report to work would be considered a voluntary termination." (Am. Compl., Count Seven, ¶ 613.) Michele alleges that "[Eyelets'] failure to notify [Michele] of his rights under the [FMLA] and defendants' failure to grant leave pursuant to that statute constituted a violation of the FMLA . . ." (Am. Compl., Count 7, ¶ 15.)
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaints to state a claim upon which relief can be granted." Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems v. BOC Group. Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992)
The FMLA provides employees with unpaid leave time for serious illness. See 29 U.S.C. § 2612 (a) (1998). In the event an employee seeks FMLA leave because of a serious illness, he/she must furnish notice of the illness to his/her employer. See 29 U.S.C. § 2612 (e) (1998). Additionally, "[a]n employer may require that a request for leave . . . be supported by a certification issued by the health care provider of eligible CT Page 11837 employee. . . ." 29 U.S.C. § 2613 (a) (1998). The FMLA provides in part that "certification provided under subsection (a) shall be sufficient if it states: (1) the date on which the serious health condition commenced; (2) the probable duration of the condition; (3) the appropriate medical facts within the knowledge of the health care provider regarding the condition . . ." 29 U.S.C. § 2613 (b) (1998).
Michele argues that the letter from his physician, which stated "[Michele] was unable to work in the stressful environment at this time," was the certification required by the FMLA. However, Michele alleges no facts to support his conclusion. There is no allegation that the certification is sufficient because it addresses, for example, the probable duration of Michele's condition, as required by 29 U.S.C. § 2613 (b). The facts alleged in the complaint, viewed in the light most favorable to Michele, do not support his allegation that he submitted a proper medical certification.
Eyelets' motion to strike the seventh, eighth and ninth counts is granted on the ground that Michele did not plead facts sufficient to state a cause of action under the certification provision of the FMLA.
So Ordered.
THE COURT
Walter M. Pickett, Jr., J.T.R.